IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVERE COMPANY, INC.,

                      Plaintiff,                                  ORDER

    v.

                                                             14-cv-534-wmc

MICHAEL J. McCOLLEY and VER-TECH, INC.,
d/b/a VER-TECH LABORATORIES, INC. and
VER-TECH SOLUTIONS AND SERVICE, INC.,

                      Defendants.

---

In this civil action, plaintiff DeVere Company, Inc., alleges that defendant Michael J. McColley, DeVere's former employer, breached post-employment, employment agreement, as well as obligations of good faith and fair dealing. DeVere also alleges that McColley and his current employer co-defendant Ver-Tech, Inc. (1) engaged in a conspiracy pursuant to Wis. Stat. § 134.01, (2) tortuously interfered with DeVere's contracts and prospective business relations, and (3) misappropriated trade secrets pursuant to Wis. Stat. § 134.90. (Compl. (dkt. #1).)[1] In addition to filing its complaint, plaintiff filed a motion for preliminary injunction which is now pending before this court. (Dkt. #3.)

Before the court can reach the motion for preliminary injunction, it must first determine whether this case is properly before the court. Because all of the claims sound

---

[1] Defendants maintain that the proper corporate defendant is Ver-Tech Solutions and Service, Inc., McColley's employee, which is a separate corporate entity from Ver-Tech, Inc., and Ver-Tech Laboratories, Inc. The court will await a motion from defendant or a stipulation from the parties before addressing this issue.

in state law, plaintiff asserts, as it must, that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a). While the court is satisfied that there is complete diversity of citizenship,[2] plaintiff's complaint contains seemingly contradictory allegations with respect to whether the amount in controversy requirement is met.

While the complaint alleges that DeVere's annual sales to customers of Iowa distributors that McColley allegedly contacted in violation of his non-compete and non-disclosure agreement exceed $75,000 (Compl. (dkt. #1) ¶ 31), there is no basis for determining what portion of those sales are or were threatened by McColley's alleged misconduct. Indeed, given that the contacts resulted in at most a few weeks "head start" on the non-compete's one-year life, it seems unlikely the resulting damages are large, if any. Moreover, in response to plaintiff's proposed findings of fact submitted in conjunction with its motion for preliminary injunction, defendants specifically dispute that the amount in controversy exceeds $75,000, noting that plaintiff "has not offered any evidence" of this. (Defs.' Resp. to Pl.'s PFOFs (dkt. #30) ¶ 4; *see also* Ver-Tech's Answ. (dkt. #17) ¶ 6 (denying that the court has jurisdiction over this matter).)

"[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 553 F.3d 542, 547 (7th Cir. 2008) (quoting *Meridian Security Ins. Co v. Sadowski*, 441 F.4d 536, 543 (7th Cir. 2006)). Since plaintiff has not yet had an opportunity to reply to defendants' opposition to its motion for preliminary

---

[2] Plaintiff is a citizen of Wisconsin; McColley is a citizen of Iowa; and Ver-Tech, Inc. is a citizen of Minnesota.

injunction, it has yet to respond to this jurisdictional challenge. As such, the court will now order plaintiff to submit proof that the amount in controversy exceeds $75,000.

While the court typically does not allow a reply in support of a motion for preliminary injunction, defendants' response also raises two additional issues not briefed in plaintiff's motion and supporting materials. Accordingly, the court will also allow plaintiff to file a reply brief limited to (1) the factual and legal grounds that would justify the court's entry of an injunction in light of the fact that the one-year term on both the noncompetition provision (Compl., Ex. A (dkt. #1-3) ¶ 5(a)) and the nondisclosure provision (*id.* at ¶ 5(b)) lapsed before plaintiff's filing of its motion for preliminary injunction; and (2) defendants' argument that the noncompetition and nondisclosure provisions are void and unenforceable under Wis. Stat. § 103.465 (*see* Ver-Tech's Opp'n (dkt. #31) pp.6-11), including the court's ability to "divide" the two provisions before addressing objectionably language. *See* Wis. Stat. § 103.465; *Star Direct Inc. v. Dal Pra*, 2009 WI 76, ¶¶ 52, 75, 319 Wis. 2d 274, 767 N.W.2d 898 (addressing divisibility and restrictions on customer contacts in covenant not to compete); *Key R.R. Dev. LLC v. Guido*, 2012 WI App 106, ¶ 14, 2012 WL 3176422 (Wis. Ct. App. Aug. 7, 2012) (unpublished) (discussing restrictions on customer contacts after *Star Direct*).

Upon receipt of these additional submissions, the court will then determine whether it has subject matter jurisdiction over this action; and if so, decide the motion for preliminary injunction on the briefs or set a motion hearing, as necessary.

ORDER

IT IS ORDERED that on or before October 1, 2014, plaintiff DeVere Company, Inc. shall submit evidence to demonstrate that the amount in controversy exceeds $75,000, and shall file a reply brief limited to the two issues described above.

Entered this 17th day of September, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge